621 A.2d 1208

**Peter R. LANTOS, Appellant,**

v.

**ZONING HEARING BOARD OF HAVERFORD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided Feb. 25, 1993.

Daniel S. Coval, Jr., for appellant.

Hugh A. Donaghue, for appellee.

Before PALLADINO and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Peter R. Lantos appeals from the order of the Court of Common Pleas of Delaware County that affirmed the Zoning Hearing Board of Haverford Township's (ZHB) denial of Lantos' request for student housing licenses. We affirm.

In 1979, Lantos purchased a 13,500 square foot parcel at 812–814 Penn Street in Haverford Township, zoned R–6 residential. The two houses have been rented continuously from

the time Lantos acquired the property. Among these tenants have been numerous students.

In 1989, Haverford Township enacted housing ordinance No. 2057 and zoning ordinance No. 2064, (collectively, student housing ordinances). Pursuant to these ordinances, single family residences, such as those owned by Lantos, could be used for student housing by special exception, provided certain physical requirements such as spacing, minimum square footage and off-street parking, were satisfied.[1]

Lantos applied for student housing licenses which the Director of Codes Enforcements refused because Lantos' property did not meet the requirements of the student housing ordinances. Lantos appealed to the ZHB, arguing that he was entitled to the student housing licenses under the non-conforming use doctrine because the property had been previously rented and used as student housing.

The ZHB denied Lantos' appeal because Lantos failed to show that the property was a lawful non-conforming use in existence prior to the enactment of the student housing ordinances. The ZHB also concluded that Lantos' challenge to the constitutionality of the ordinances was meritless because the ordinances had a "rational relationship to the legitimate purpose of zoning." (ZHB Conclusion of Law, 4).

1. The following regulations for "student housing" required:
(a) The number of persons living in such student homes shall not exceed three (3) in number....
(b) The student home shall meet the minimum yard setback and lot width requirements for single family detached dwellings.
(c) No student home shall be located on a lot, any portion of which is closer to another lot lawfully used for a student home than a distance determined by multiplying times twenty (20) the required street frontage for a single family detached dwelling in the district in which the building is located.
(d) The student home shall have a minimum of a one thousand eight hundred fifty (1,850) square feet of building area, exclusive of building area covered by a garage or accessory building.
(e) A minimum of three (3) paved on-site, off-street parking spaces located to the side or rear of the premises and not in the front yard, shall be required in addition to those otherwise required for a single family dwelling.
(f) The owner or manager or agent of the student home shall register such home with the Township as required by ... Section 104-6 of the Housing Code....

Lantos appealed to the trial court. Without taking additional evidence, the trial court affirmed the ZHB, adding that Lantos' constitutional challenge did not establish that the ordinances were arbitrary, unreasonable and unrelated to the public health, safety, morals and general welfare.

On appeal to this Court,[2] Lantos argues: 1) that the ZHB abused its discretion or erred as a matter of law in holding that his property was not a lawful non-conforming use prior to the enactment of the student housing ordinances; and 2) that the ZHB erred in holding that the ordinances were constitutional.

## NON–CONFORMING USE

Lantos argues that he is entitled to student housing licenses on the basis of the non-conforming use doctrine. Lantos asserts that because the property had been leased to persons qualified as a "family," a permitted use, that he now should be allowed to continue this use.

The zoning ordinances in effect before the enactment of the student housing ordinances stated that all rentals in R–6 districts be to persons qualifying as a "family." Section 182–106 of the Laws of Haverford Township defines "family" as:

A single person occupying a dwelling unit and maintaining a household; two (2) or more persons related by blood, marriage or adoption occupying a dwelling unit, living together and maintaining a common household, including not more than one (1) boarder, roomer or lodger; or not more than *(3) unrelated persons occupying a dwelling unit living together and maintaining a common household (group quarters).*

Lantos asserts that his student rentals met the definition of "family" and thus, was a pre-existing non-conforming use. However, the ZHB found that Lantos' property did not meet

---

**2.** Our scope of review from a trial court that takes no additional evidence from a zoning hearing board is limited to determining whether the zoning hearing board committed a manifest abuse of discretion or an error of law. *D'Amato v. Zoning Board of Adjustment of Philadelphia,* 137 Pa.Commonwealth Ct. 157, 585 A.2d 580 (1991).

the requirements of a "family" because more than three unrelated persons occupied the premises. The ZHB credited the testimony of several neighbors that testified the premises had been leased to more than three unrelated individuals. Lantos offered no evidence that the unrelated student tenants had maintained a "common household," operating in the manner akin to a family unit or the functional equivalent thereof.

A non-conforming use is an activity or structure predating the relevant zoning restrictions. *Estate of Barbagallo v. Zoning Hearing Board of Ingram Borough,* 133 Pa.Commonwealth Ct. 38, 574 A.2d 1171 (1990). The benefit of legal non-conforming use status is available only for the lawful use which existed on the land when the ordinances took effect and it is the burden of the party proposing the existence of such non-conforming use to establish both its existence and *legality* before the enactment of the ordinance at issue. *Antonini v. Zoning Hearing Board of Marple Township,* 95 Pa.Commonwealth Ct. 420, 505 A.2d 1076 (1986).

Non-conforming uses are recognized by Section 182–802A of the Zoning Laws of Haverford Township and are defined in conformity with Section 107(a) of the Pennsylvania Municipalities Planning Code Act of July 31, 1986, P.L. 805, *as amended,* 53 P.S. § 10107(a) as:

> A use, whether or land or of structure, which does not comply with the applicable use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such *use was lawfully in existence* prior to the enactment of such ordinance or amendment. . . .

(Emphasis added).

Thus, while the evidence may have established the prior use of the property as student rentals, the evidence likewise showed the use of the property did not constitute a lawful use so as to form a proper basis upon which to grant non-conforming use status.

Where the validity of a zoning ordinance is challenged, the function of judicial review is to engage in a meaningful inquiry into the restriction on the land's use in

light of the deprivation of the land owner's freedom thereby incurred. *Hopewell Township Board of Supervisors v. Golla,* 499 Pa. 246, 452 A.2d 1337 (1982). We will affirm a decision of a zoning hearing board when the findings of fact are supported by substantial evidence. *Gatti and Mann Homes, Inc. v. Zoning Hearing Board of Salisbury Township,* 117 Pa.Commonwealth Ct. 399, 543 A.2d 622 (1988). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Danwell Corp. v. Zoning Hearing Board of Plymouth Township,* 115 Pa.Commonwealth Ct. 174, 540 A.2d 588 (1988).

■ Our review of the record shows that substantial evidence supports the ZHB's finding that more than three unrelated individuals resided in each rental unit and that the student tenants did not maintain a common household or function in a manner resembling that of a family. Therefore, Lantos failed to establish that his rental to unrelated students prior to the enactment of the student housing ordinances, was a lawful use under the ordinances of Haverford Township that then existed.

## CONSTITUTIONAL CHALLENGE

■ Lantos also challenges the constitutionality of the student housing ordinances. The test of a zoning ordinances' constitutional validity is whether the restrictions contained in the ordinance have a reasonable relation to the public health, safety or general welfare of the community. *Appeal of Gulf Oil Corp.,* 101 Pa.Commonwealth Ct. 327, 516 A.2d 420 (1986). Zoning ordinances are presumed to be valid and the burden of proving otherwise is on the party challenging the ordinance. *Verland C.L.A., Inc. v. Zoning Hearing Board of Moon,* 124 Pa.Commonwealth Ct. 150, 556 A.2d 4 (1989). The party challenging the constitutionality of a zoning ordinance must establish that it is arbitrary, unreasonable and unrelated to the public health, safety, morals and general welfare. *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors,* 507 Pa. 481, 491 A.2d 86 (1985).

The ZHB found that Haverford Township had a legitimate goal in preserving and fostering the residential character of the areas which are zoned for family use. The preservation of the character and integrity of single-family neighborhoods, prevention of undue concentration of population, prevention of traffic congestion and maintenance of property values are all legitimate purposes of zoning. *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). However, where an ordinance seeks to define or limit who may reside in a single-family residential district, enforcement of that ordinance will not be upheld unless it can be shown that the ordinance bears a rational relationship to the legitimate purposes which single-family residential zoning may serve. *Appeal of Lynch Community Homes, Inc.,* 123 Pa.Commonwealth Ct. 278, 554 A.2d 155 (1989).

The ZHB cited four justifications for the ordinances at issue: (1) illegal parking and impassable streets; (2) disturbances and their effect on public tranquility; (3) the accumulation of debris and lack of routine maintenance permitted by absentee landlords; and (4) vandalism and theft. Lantos asserts that these justifications are not met by the unique zoning requirements placed on student housing. Lantos asserts that these requirements do not bear any relationship to the legislative purposes enunciated by the ordinances. Lantos further asserts that Haverford Township is seeking to avoid the municipalities' fair share of the area student housing demands.

However, Lantos is trying to impose a higher scrutiny than the rational basis test for zoning. In *Smith v. Lower Merion Township,* No. 90–7501, 1992 WL 112247 (E.D.Pa. filed May 11, 1992), the Eastern District held that college students generally have not been historically prejudiced so as to require a heightened scrutiny for zoning. Because the Township found a need to preserve the character of single-family neighborhoods, if the ordinances have any rational relationship to the required purpose, we cannot hold that the ordinances are not legitimate. The trial court held that the requirements do help preserve the integrity of the zoning district and thus,

are rationally related to the ordinances' legitimate goal. We hold, therefore, that Lantos' constitutional challenge is without merit.

Accordingly, we affirm.

## ORDER

AND NOW, this 25th day of February, 1993, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.

PALLADINO, J., concurs in the result only.