## Baker v. Zoning Hearing Board of Salisbury Township

208

C.P. of Lehigh County, no. 2009-C-5253.

*Edmund G. Hauff,* for appellant.
*Victor F. Gavacini,* for defendant.
*Erich J. Schock,* for intervenors.

FORD, *J.*, July 14, 2010—Dexter F. Baker (appellant) filed a notice of appeal from the decision of the Zoning Hearing Board of Salisbury Township (board), which decision was dated September 1, 2009. In that decision, the board granted an application for two dimensional variances filed by the Little Lehigh Medical Building Condominium Owners Association (association), whose property is across a street from appellant's. In its written decision, the board failed to make the findings necessary to support its issuance of the dimensional variances. Therefore, this case must be remanded to the board for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

The association is comprised of the owners of the property located at 1275 Cedar Crest Boulevard in Salisbury Township (property). The property, which is located at the northeast corner of the intersection of Cedar Crest Boulevard and Fish Hatchery Road, is zoned C-1 commercial. The property has an office building with numerous doctors' offices.

The association hired Felix Bartush of Bartush Signs Inc., to install "directory signs" on the property. Mr. Bartush proposed the installation of two freestanding signs on the property. One sign would be located along Cedar Crest Boulevard and one at the intersection of Cedar Crest Boulevard and Fish Hatchery Road. The sign at the intersection would replace a currently existing 20-square foot sign on the property. Each sign would be 13 feet, four inches in height, with an area of 90 square feet. However, Section 27-704 of the Salisbury Township Zoning Ordinance (zoning ordinance) permits signs no

higher than 10 feet and no larger than 30 square feet. Mr. Bartush also proposed locating one of the signs within a street intersection's "clear sight triangle" and incorporating an electronic message feature into both of the signs. Both of these are prohibited by the ordinance. Mr. Bartush, acting as agent for the association, applied for variances to allow for the installation of the signs.

The board conducted a public hearing on Mr. Bartush's application for the variances on August 4, 2009. At the hearing, the board heard the testimony of Mr. Bartush and Dr. Bruce I. Rose, an owner of an office unit on the property and a representative of the association.

On September 1, 2009, the board issued its written decision. The board granted Mr. Bartush's application for the two dimensional variances thereby authorizing him to construct the signs at the proposed size. However, the board denied Mr. Bartush's variance request for placement of one of the signs within the clear sight triangle. The board also denied Mr. Bartush's variance request for electronic, flashing messages on the signs.

On October 8, 2009, the appellant filed an appeal from the decision of the board. In the appeal, appellant solely challenges the board's decision to grant the two dimensional variances. Appellant owns residential property at the southeast corner of the intersection of Cedar Crest Boulevard and Fish Hatchery Road. Appellant and his counsel had appeared at the board hearing on August 4, 2009, to oppose Mr. Bartush's application for the variances.

On October 21, 2009, Salisbury Township intervened in this appeal by filing a praecipe for appearance. Intervention was granted on October 29, 2009.

On April 13, 2010, the court conducted an argument on the appellant's appeal, but the court did not take additional testimony on the matter.

## DISCUSSION AND CONCLUSIONS OF LAW

Appellant argues that the board committed an error of law and abused its discretion in granting Mr. Bartush's application for the two dimensional variances. Because the board failed to explain its reasoning for granting the dimensional variances in its written decision, this court is unable to make a meaningful review and must remand the case to the board for further proceedings.

When reviewing a decision of a zoning board, the court must determine whether the board abused its discretion or committed an error of law. *C & M Developers Inc. v. Bedminster Township Zoning Hearing Board,* 573 Pa. 2, 14, 820 A.2d 143, 150 (2002). If the record includes findings of fact by a zoning board and the court does not take additional evidence, the findings of the board "shall not be disturbed by the court if supported by substantial evidence." 53 P.S. §11005-A. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lantos v. Zoning Hearing Board of Haverford Township,* 153 Pa. Commw. 591, 597. 621 A.2d 1208, 1211 (1993).

To enable effective review by the trial court, the Pennsylvania Municipalities Planning Code (code), 53 P.S. §§10101-11107, requires that a zoning board render a written decision when an application for a variance is contested. 53 P.S. §10908(9). Such written decision must include "findings of fact and conclusions based thereon

together with the reasons therefore. Conclusions based on any provisions of [the code] shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in light of the facts found." *Id.* The Pennsylvania Supreme Court, commenting on this statutory requirement, stated that a zoning board is required to "issue an opinion which sets forth the essential findings of fact and . . . the [zoning board's] reasoning to show that its action was reasoned rather than arbitrary." *Lando v. Springettsbury Township Zoning Board of Adjustment,* 4 Pa. Commw. 312, 316-17, 286 A.2d 924, 927 (1972).

When a zoning board fails to issue a written decision which contains findings of fact and conclusions based on an application of those facts to the controlling law, the trial court, in its discretion, is empowered to remand a zoning appeal to the board for further proceedings. *Id.* at 318, 286 A.2d at 927.

In *Lando,* the Commonwealth court remanded a zoning appeal to the zoning board because the board, in its written decision, did not explain its rationale or cite to facts in support of its decision to deny an application for a variance. The court used language from another Commonwealth court decision, *Mill-Bridge Realty Inc. v. Manchester Township Zoning Board of Adjustment,* 4 Pa. Commw. 157, 286 A.2d 483 (1972), to explain its decision to remand the case and stated as follows:

"Unfortunately based on the present state of the record, we cannot properly exercise even our limited function of review, for while we have an ample record before us containing the complete testimony presented to the board as well as all the exhibits relating to the proposed (use),

we are unable to determine on what basis the board made its decision. Were we to make an independent review of the record and to make a decision as to the propriety of the (board's decision), we would be assuming the role assigned to the board." *Lando v. Springettsbury Township Zoning Board of Adjustment,* 4 Pa. Commw. at 319, 286 A.2d at 926-27 (quoting *Mill-Bridge Realty Inc. v. Manchester Township Zoning Board of Adjustment,* 4 Pa. Commw. at 161, 286 A.2d at 485).

Here, the board issued a written decision which lacked the key findings necessary to justify its decision to grant the applicant two dimensional variances. The board, in the decision, makes the following conclusory statement: "[T]he ZHB (zoning hearing board) believes that Bartush articulated a hardship that would justify the grant of the dimensional variances relating to height and sign area . . . ." In support of this conclusion, the board states the following:

"The ZHB believes that the expansion of the intersection of Cedar Crest Boulevard and Fish Hatchery Road, and the growth of the neighborhood, particularly the growth of Lehigh Valley Hospital, require that motorists be afforded an opportunity to identify the Little Lehigh Medical Building as a destination, so as to facilitate visits to the site."

This is the only statement in the board's decision which provides any indication of the rationale in granting the dimensional variances.

Importantly, the board made no findings that Mr. Bartush satisfied the five elements needed to support the issuance of a variance. In Pennsylvania, a zoning board

may grant a variance if five elements are met: (1) there are unique physical circumstances or conditions of a property, (2) that because of such physical circumstances or conditions, there can be no reasonable use of the property, (3) such unnecessary hardship has not been created by the applicant, (4) the variance, if granted, will not alter the essential nature of the neighborhood, and (5) that the variance will represent the least modification of the ordinance possible. 53 P.S. §10910.2(a).

In addressing the application for a dimensional variance, the board failed to conduct an analysis of the five elements required for a variance or cite to specific facts indicating that those elements were satisfied. It is impossible for the court to understand the board's reasoning and conduct a meaningful review.

Because the board's written decision precludes the court from making meaningful review, unfortunately, this case must be remanded to the board. See *Domeisen v. Zoning Hearing Board of O'Hara Township,* 814 A.2d 851 (Pa. Commw. 2003). Within 30 days of the date of this opinion, the board shall issue an amended written decision which includes an analysis of the applicant's variance request under 53 P.S. §10910.2(a). The board shall make findings on all of the elements for a variance. In making such findings, the board shall point to specific factual support in the record or state that the record contains no such evidence. In the event the board determines that another hearing is required to adequately address these issues, such hearing shall be held within 60 days of date of this opinion.