**[J-5-2022] [MO: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| IN RE: APPEAL OF THE APRIL 24, 2018 DECISION OF THE CHARLESTOWN TOWNSHIP ZONING HEARING BOARD DENYING THE CHALLENGE OF CHARLESTOWN OUTDOOR, LLC TO THE VALIDITY OF THE ZONING ORDINANCE'S EXCLUSION OF OUTDOOR ADVERTISING BILLBOARDS | : No. 80 MAP 2021<br>:<br>: Appeal from the Order of<br>: Commonwealth Court at No. 826 CD<br>: 2019 dated January 21, 2021,<br>: reconsideration denied March 15,<br>: 2021, affirming the Order of the<br>: Chester County Court of Common<br>: Pleas, Civil Division, at No. 2018-<br>: 05282-ZB dated June 13, 2019. |
| APPEAL OF: CHARLESTOWN OUTDOOR, LLC | :<br>: ARGUED: March 8, 2022 |

**DISSENTING OPINION**

**JUSTICE BROBSON**                                    **DECIDED: August 16, 2022**

I respectfully dissent. In my view, Charlestown Township (Township) Zoning Ordinance 125-2004 (Zoning Ordinance) is invalid as it relates to billboard use because 67 Pa. Code § 445.4 preempted the Zoning Ordinance pursuant to Section 603(b) of the Pennsylvania Municipalities Planning Code (MPC),[1] when the Department of Transportation (DOT) completed construction of the interchange in 2011. As a result, the Zoning Ordinance does not permit billboard use *anywhere* within the Township. Given that the Township is part of a multimunicipal comprehensive plan and the participating municipalities have not adopted a joint municipal zoning ordinance, Section 916.1(h) of the MPC, 53 P.S. § 10916.1(h)[2] is implicated.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10603(b).

[2] Added by the Act of December 21, 1988, P.L. 1329.

Section 916.1(h) provides a defense to a substantive validity challenge where a municipality is part of a multimunicipal comprehensive plan and the use at issue is available in a participating municipality's zoning district. The Township's Zoning Hearing Board (ZHB) and the Court of Common Pleas of Chester County (common pleas) both concluded in the instant matter that Section 916.1(h) precluded the substantive validity challenge of Charlestown Outdoor, LLC (Outdoor). Although Outdoor preserved an issue relative to Section 916.1(h) on appeal to the Commonwealth Court, the Commonwealth Court did not reach this issue. Accordingly, I would vacate the Commonwealth Court's decision on the ground that the Zoning Ordinance is preempted and, therefore, invalid as it relates to billboard use and remand for the Commonwealth Court to assess whether the Zoning Ordinance is exclusionary relative to Section 916.1(h).

## I. MPC and Conflict Preemption

The MPC is enabling legislation that empowers municipalities to provide for the general welfare of its constituents by "guid[ing] uses of land and structures, type and location of streets, public grounds and other facilities" and by "protecting amenity, convenience, future governmental, economic, practical, and social and cultural facilities, development and growth, as well as the improvement of governmental processes and functions." Section 105 of the MPC, 53 P.S. § 10105; *Wilson v. Plumstead Twp. Zoning Hearing Bd.*, 936 A.2d 1061, 1064 (Pa. 2007). To achieve that purpose, the MPC authorizes municipalities, *inter alia*, to enact and enforce zoning ordinances. Sections 601 and 603 of the MPC, 53 P.S. §§ 10601, 10603. Such authority, however, is not limitless. Rather, a municipality's power to regulate through zoning ordinances may be forestalled under the MPC[3] where other federal or state regulation is in effect.

---

[3] 53 P.S. §§ 10101-11202.

Specifically, Section 603(b) of the MPC,[4] provides, in pertinent part, that "[z]oning ordinances, except to the extent that . . . regulation of other activities are preempted by other [f]ederal or [s]tate laws[,] may permit, prohibit, regulate, restrict and determine: . . . [s]ize, height, bulk, location, erection, construction, repair, maintenance, alteration, razing, removal and use of structures." A "structure," as defined by the MPC, includes "any man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the land." Section 107 of the MPC, 53 P.S. § 10107. This definition inarguably includes billboards. Thus, a municipality's zoning ordinance may regulate the use, location, or erection of billboards pursuant to Section 603(b) *unless* such ordinance is preempted by federal or state law.

Relevant here, the conflict preemption doctrine is applicable where "simultaneous compliance with both [a] local ordinance and [a] state statute is impossible" or where the local enactment "stands as an obstacle to the execution of the full purposes of the statute." *Hoffman Mining Co., Inc. v. Zoning Hearing Bd. of Adams Twp., Cambria Cnty.*, 32 A.3d 587, 594 (Pa. 2011). Indeed, "[t]he [conflict] preemption doctrine establishes a priority between potentially conflicting laws enacted by various levels of government. Under this doctrine, local legislation cannot permit what a state statute or regulation forbids or prohibit what state enactments allow." *Huntley & Huntley, Inc. v. Borough Council of the Borough of Oakmont*, 964 A.2d 855, 862 (Pa. 2009). Where such conflict exists, the conflicting aspect of the local ordinance is rendered invalid. *See Hoffman*, 32 A.3d at 594. Nonetheless, "[w]here an ordinance conflicts with a statute, the will of the municipality as expressed through an ordinance will be respected unless the conflict between the statute and the ordinance is irreconcilable." *Id.* (quoting *City Council of Bethlehem v. Marcincin*,

---

[4] Section 603 of the MPC, titled "Ordinance provisions," generally concerns what zoning ordinances may regulate, contain, and must provide, both individually and in relation to a multimunicipal comprehensive plan.

515 A.2d 1320, 1326 (Pa. 1986)). Further, a municipality may enact "additional regulations in aid and furtherance of the purpose of the general law as may seem appropriate to the necessities of the particular locality and which are not . . . unreasonable." *Id.* at 595. Accordingly, only where there is such material conflict between a state and local enactment, and the local enactment does not reasonably further the purpose of the state law, will the conflict preemption doctrine apply and render the local enactment invalid. *See id.*

The conflict preemption doctrine applies equally to state regulations enacted in furtherance of state statutes. *See UGI Utils., Inc. v. City of Reading*, 179 A.3d 624, 629 (Pa. Cmwlth. 2017) ("Preemption is not limited to state statutes; both state statutes and state regulations may preempt local ordinances."). For example, in *UGI Utilities*, the Commonwealth Court found that a municipality's zoning ordinance conflicted with regulations promulgated by the Pennsylvania Public Utility Commission (PUC) because the ordinance stood as an obstacle to the express purpose of the PUC's regulations that utilities maintain discretion in the location of gas meters in historic districts. As a result of the conflict, the Commonwealth Court held that the PUC's regulations preempted the zoning ordinance, and the court enjoined the municipality from enforcing it. *UGI Utils.*, 179 A.3d at 630-32.

Similarly, in *Liverpool Township v. Stephens*, 900 A.2d 1030 (Pa. Cmwlth. 2006), the Commonwealth Court found that a municipality's zoning ordinance imposed requirements that conflicted with and exceeded the standards imposed by regulations promulgated by Pennsylvania's Department of Environmental Protection (DEP) pursuant to the Solid Waste Management Act.[5] Because the ordinance imposed geological

---

[5] Act of July 7, 1980, P.L. 380, 35 P.S. §§ 6018.101-.1003, repealed insofar as inconsistent with the Low-Level Radioactive Waste Disposal Act, Act of February 9, 1988, P.L. 380, 35 P.S. §§ 7130.101-.905. *See* 35 P.S. § 7130.905(b).

standards that were stricter than DEP's regulations, the Commonwealth Court concluded that DEP's regulations preempted the ordinance because local ordinances must not "prohibit what state enactments allow." *Liverpool Twp.*, 900 A.2d at 1036-37 (quoting *Duff v. Northampton Twp.*, 532 A.2d 500, 504 (Pa. Cmwlth. 1987) (emphasis omitted), *aff'd*, 550 A.2d 1319 (Pa. 1988)).

## II. Analysis

### a. Preemption

Here, the Zoning Ordinance, as amended in 2004, provides for billboard use in the B-1 zoning district subject to a 5-foot setback. Billboards are not permitted elsewhere in the Township. The Township's authority to regulate billboard use stems from Section 603(b) of the MPC, and, thus, the Zoning Ordinance is subject to the preemption principles enumerated therein. DOT is "authorized to promulgate rules and regulations governing outdoor advertising devices" pursuant to Section 6 of the Outdoor Advertising Control Act of 1971,[6] 36 P.S. § 2718.106. The DOT regulation at issue here was promulgated thereunder and provides, in pertinent part, that "no structure may be erected adjacent to or within 500 feet of an interchange." 67 Pa. Code § 445.4(b)(2)(i). In 2011, DOT completed construction of an interchange directly adjacent to the B-1 zoning district, which triggered application of 67 Pa. Code § 445.4(b)(2)(i).

Notably, the parties and the Majority agree that the imposition of DOT's regulation "effectively prohibits billboards *anywhere* in the B-1 zoning district." (Majority Op. at 3 (emphasis added).) Indeed, the Township and the Majority essentially take the position that, despite that the erection of a billboard has been rendered impossible in the B-1 zoning district by DOT's intervening regulation, the Township simply bears no constitutional responsibility to rezone or afford Outdoor site-specific relief.

---

[6] Act of December 15, 1971, P.L. 596.

(*See* Appellee's Br. at 13-14; Majority Op. at 18, 22.) Disregarding temporarily any relief the Township may be required to afford Outdoor, which will be discussed in more detail below, the Township and the Majority clearly concede in their position that DOT's regulation and the Zoning Ordinance irreconcilably conflict. Moreover, the Zoning Ordinance does not further any "general purpose" of DOT's regulation that would suggest that it is otherwise permissible. To the contrary, the Zoning Ordinance clearly "permit[s] what [the] state . . . regulation forbids"—*i.e.*, the erection of a billboard within 500 feet of a state interchange.[7] *Huntley*, 964 A.2d at 862. Accordingly, because "simultaneous compliance with both the local ordinance and the state [regulation] is impossible," the Zoning Ordinance as it relates to billboard use is preempted by DOT's regulation and is invalid. *Hoffman*, 32 A.3d at 594.

### b. *De Jure* Exclusion and Section 916.1 of the MPC

The right to the enjoyment of private property in Pennsylvania is protected by Article I, Section 1 of the Pennsylvania Constitution,[8] and "governmental interference with this right is circumscribed by the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution." *Twp. of Exeter v. Zoning Hearing Bd. of Exeter Twp.*, 962 A.2d 653, 659 (Pa. 2009) (quoting *Hopewell Twp. Bd. of Supervisors v. Golla*, 452 A.2d 1337, 1341 (Pa. 1982)). A *de jure* exclusion occurs where a zoning ordinance totally excludes a legitimate use of property. *Id.* While municipalities, pursuant

---

[7] Section 13 of the Outdoor Advertising Control Act, 36 P.S. § 2718.113, further provides that "[n]othing in this [A]ct shall be construed to abrogate or affect the provisions of any lawful ordinance, regulation, or resolution which are more *restrictive* than the provisions of this [A]ct." (Emphasis added.) As noted, however, the Zoning Ordinance is more *permissive* than DOT's regulation in that the Zoning Ordinance permits what DOT's regulation forbids.

[8] Article I, Section 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."

to their police power, may reasonably limit billboard use through zoning ordinances to protect or preserve public health, safety, welfare, and morality, "billboards are not objectionable *per se*, [and] a blanket prohibition on billboards without justification cannot pass constitutional muster." *Id.* at 659-60 (footnote omitted).

This principle was exemplified in *Appeal of Girsh*, 263 A.2d 395 (Pa. 1970), where this Court concluded that a zoning ordinance that did not provide for apartments anywhere within a township was unconstitutional, despite that the zoning ordinance did not explicitly *prohibit* apartments, and the landowner that challenged the ordinance could have obtained a variance to build an apartment building. *Girsh*, 263 A.2d at 396-99. In so doing, this court likened the matter to the reasoning set forth in *Exton Quarries, Inc. v. Zoning Board of Adjustment of West Whiteland Township*, 228 A.2d 169 (Pa. 1967), that "[t]he constitutionality of zoning ordinances which totally prohibit legitimate businesses from an entire community should be regarded with particular circumspection." *Girsh*, 263 A.2d at 397 (quoting *Exton*, 228 A.2d at 179).

Based on the foregoing principles, it would appear that the Zoning Ordinance is *de jure* exclusionary of billboards, at least to the extent we examine zoning districts whose municipalities are not part of a multimunicipal comprehensive plan. This is because the Zoning Ordinance is invalid as it relates to billboard use in the B-1 zoning district, and the parties agree that the Zoning Ordinance does not permit billboard use elsewhere in the Township. The Township also has not set forth any reasons pertaining to the preservation of public health, safety, welfare, or morality to justify the total exclusion of billboard use. *See Exeter*, 962 A.2d at 659. Rather, the Township's sole contention is that forcing municipalities to constantly rezone as a result of intervening state or federal regulation is overly burdensome and unworkable. While that may be true, in my view it does not justify the total exclusion of a legitimate use in a municipality.

Thus, we must consider Section 916.1(h) of the MPC, which provides:

Where municipalities have adopted a multimunicipal comprehensive plan pursuant to Article XI[9] but have not adopted a joint municipal ordinance pursuant to Article VIII-A[10] and all municipalities participating in the multimunicipal comprehensive plan have adopted and are administering zoning ordinances generally consistent with the provisions of the multimunicipal comprehensive plan and a challenge is brought to the validity of a zoning ordinance of a participating municipality involving a proposed use, then the zoning hearing board or governing body, as the case may be, *shall consider* the availability of uses under zoning ordinances within the municipalities participating in the multimunicipal comprehensive plan within a reasonable geographic area and *shall not limit its consideration* to the application of the zoning ordinance on the municipality whose zoning ordinance is being challenged.

(Emphasis and footnotes added). Accordingly, this provision establishes a potential defense to a substantive validity challenge where a municipality participates in a multimunicipal comprehensive plan and the use at issue is available "within a reasonable geographic area" in a participating municipality's zoning district. 53 P.S. § 10916.1(h); *see also In re Petition of Dolington Land Grp.*, 839 A.2d 1021, 1028 (Pa. 2003) (observing that Section 916.1(h) requires broadened perspective concerning availability of land uses under challenged zoning provisions and multimunicipal comprehensive plan).

Presently, the Township adopted the Phoenixville Comprehensive Regional Plan (Plan) in 2008, which is a multimunicipal comprehensive plan enacted pursuant to Article XI of the MPC. (Appellant's Br., Ex. C, ZHB Decision at 4.) Schuylkill Township, Phoenixville Borough, East Pikeland Township, West Pikeland Township, and West Vincent Township also participate in the Plan and make up the Phoenixville Regional

---

[9] Article XI of the MPC, pertaining to intergovernmental cooperative planning and implementation agreements, is set forth at 53 P.S. §§ 11101-11107.

[10] Article VIII-A of the MPC, pertaining to joint municipal zoning, is set forth at 53 P.S. §§ 10801-a-10821-a.

Planning Committee.[11]  In rejecting Outdoor's substantive validity challenge, the ZHB concluded, *inter alia*, that these participating municipalities have independent zoning ordinances that are generally consistent with the Plan.  (*Id.* at 5.)  Further, the ZHB explained that Schuylkill Township, Phoenixville Borough, and East Pikeland Township all permit billboard use roughly within 5 miles from the Township's B-1 zoning district, which was sufficient for the ZHB to hold that billboard use was permitted by the municipalities "within a reasonable geographic area" pursuant to Section 916.1(h) of the MPC.  (*Id.* at 5-6.)  Accordingly, the ZHB held that Outdoor's substantive validity challenge was precluded pursuant to Section 916.1(h).  (*Id.*)

Outdoor appealed the ZHB's decision to common pleas, challenging, *inter alia*, the ZHB's conclusion that Section 916.1(h) of the MPC precluded Outdoor's substantive validity challenge because billboard use was permitted by participating municipalities within a reasonable geographic area of the B-1 zoning district.  (Appellant's Br., Ex. D, Trial Ct. Op. at 4.)  Common pleas affirmed the ZHB's decision in this regard, however, opining that the ZHB's conclusion regarding Section 916.1(h) was adequately supported by the testimony of the Township's expert witness, which the ZHB chose to credit over the expert witness offered by Outdoor.  (*Id.* at 7-8, 10-11.)

Outdoor subsequently appealed to the Commonwealth Court, again arguing that Section 916.1(h) of the MPC did not preclude its substantive validity challenge.  Given the Commonwealth Court's disposition that the Zoning Ordinance was not exclusionary, however, the Commonwealth Court found it unnecessary to reach the merits of Outdoor's appeal pertaining to Section 916.1(h).  *In re Appeal of the April 24, 2018 Decision of the Charlestown Twp. Zoning Hearing Bd.* (Pa. Cmwlth., No. 826 C.D. 2019, filed

---

[11] *See* https://www.phoenixville.org/339/Phoenixville-Regional-Planning-Committee (last visited, Aug. 15, 2022).

Jan. 21, 2021), slip op. at 24 n.12 ("Given our disposition, it is unnecessary to reach [Outdoor]'s arguments related to whether Section 916.1(h) of the MPC applies[.]").  In its Petition for Allowance of Appeal filed with this Court, Outdoor similarly raised the issue that Section 916.1(h) does not preclude its substantive validity challenge, but this Court only granted allocatur on Outdoor's issue as set forth by the Majority.  Thus, because Outdoor preserved this issue but the Commonwealth Court failed to reach it, I would remand to the Commonwealth Court to consider whether Section 916.1(h) precludes Outdoor's substantive validity challenge.

### III. Conclusion

Accordingly, for the reasons set forth above, I would hold that pursuant to Section 603(b) of the MPC the Zoning Ordinance is preempted and, therefore, invalid as it relates to billboard use because the Zoning Ordinance irreconcilably conflicts with DOT's regulation, 67 Pa. Code § 445.4(b)(2)(i).  As a result, I would vacate the Commonwealth Court's opinion and order and remand the matter to the Commonwealth Court for further consideration of Outdoor's substantive validity challenge relative to Section 916.1(h) of the MPC.[12]

---

[12] I acknowledge that the parties did not brief or argue in relation to preemption or a *de jure* exclusion.  As noted above, however, the matter here stems from a clear and undisputed conflict between a local zoning ordinance and a state regulation.  Where such a conflict exists, Section 603(b) of the MPC controls and resolves the conflict by invalidating the local ordinance.  This case only appears to involve a *de facto* exclusionary ordinance challenge if we are willing to ignore the MPC and pretend that the local ordinance allowing billboards is extant.  I can no more ignore the MPC's preemption provision here than I could, in any matter, ignore controlling precedent because the parties fail to cite it in their briefs.