**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Derrick PETTUS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 2004.

Filed Sept. 30, 2004.

Scott F. Griffith, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, MONTEMURO *, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant, Derrick Pettus, appeals from a May 30, 2003 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction for possessing a controlled substance, possessing a controlled substance with intent to deliver, possessing drug paraphernalia, and criminal conspiracy. We affirm.

¶ 2 Pettus and two co-conspirators were arrested after police discovered them selling crack cocaine from a water ice stand in front of Pettus' house. Following the denial of a suppression motion, Pettus was convicted of the above offenses by the Honorable Patricia McInerney on February 6, 2003, and was sentenced to three to six years' imprisonment on May 30, 2003.

¶ 3 Pettus filed the direct appeal currently before us on June 6, 2003, and on June 17, 2003, he was ordered to submit a Pa.R.A.P. 1925(b) statement by July 1, 2003. Instead of filing the requested Rule 1925(b) statement, Pettus' attorney, Joseph Santaguida, filed a motion to withdraw his appearance on June 18, 2003. The motion was granted by this Court on July 14, 2003, and on July 17, 2003, Attorney Scott Griffith was appointed to represent Appellant. Attorney Griffith did not request an extension of time to file the required Rule 1925(b) statement, and on July 21, 2003, Judge McInerney authored a Rule 1925(a) opinion noting its absence.[1]

¶ 4 More than two months after Judge McInerney's Rule 1925(a) opinion was filed, Attorney Griffith filed an untimely Rule 1925(b) statement on Appellant's behalf, raising the following claim: "At sentencing, the Court did not properly credit appellant for the time spent on house arrest." Pa.R.A.P. 1925(b) statement filed 9/30/03 at 2. Although Judge McInerney's Rule 1925(a) opinion discusses the denial of Pettus' suppression motion and the sufficiency of the evidence to support his convictions, Pettus' subsequently filed Rule 1925(b) statement raises only the credit for time served issue. In the appellate brief filed for purposes of this appeal, however, Pettus has added allegations that it was error to deny his suppression motion and that the evidence was insufficient to support his convictions for possession with intent to distribute and criminal conspiracy. Appellant's brief at 5, 10, 15–16.

¶ 5 The Commonwealth argues that Pettus' claims are waived for failure to file a timely Rule 1925(b) statement including them.

---

* Retired Justice Assigned to the Superior Court.

1. Nonetheless, Judge McInerney's Rule 1925(a) opinion addresses suppression and sufficiency of the evidence issues.

Pursuant to Pa.R.A.P. 1925(b), an appellant must file a Concise Statement of Matters Complained of on Appeal when ordered to do so by the trial court. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (Pa.1998). Failure to timely file the requested statement renders all issues waived. *Commonwealth v. Overby*, 2000 PA Super 3, 744 A.2d 797 (Pa.Super.2000).

*Commonwealth v. Zingarelli*, 839 A.2d 1064, 1075–1076 (Pa.Super.2003).

■ ¶ 6 Here, Pettus allowed the Rule 1925(b) filing deadline to expire while represented by former counsel, and failed to seek an extension of time through newly appointed counsel. In addition, the statement he eventually filed, nearly three months after the filing deadline, failed to contain two of the three issues he now asks us to address. Those two additional claims, regarding suppression and sufficiency of the evidence, are clearly waived for purposes of appeal, despite Judge McInerney's unsolicited decision to discuss such issues in her Rule 1925(a) opinion. An appellant will not be permitted to benefit from the trial court's best guess at what issues should be raised on appeal.

> The trial court may not frame the issues for an appellant, either by guessing or anticipating ... the appellate courts have emphasized that a trial court's unsolicited discussion of issues not raised by an appellant in his 1925(b) statement by guessing, anticipating, or predicting the issues would not save the issues from being waived. *See Commonwealth v. Alsop*, 799 A.2d 129, 2002 WL 993012, (Pa.Super.2002); *Commonwealth v. Steadley*, 2000 PA Super 62, 748 A.2d 707 (Pa.Super.2000); *Commonwealth v.*

*Butler*, 2000 PA Super 187, 756 A.2d 55 (Pa.Super.2000), *appeal granted in part*, 564 Pa. 471, 769 A.2d 442 (2001).

*Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa.Super.2002).

■ ¶ 7 Although Pettus failed to raise his initial claim regarding credit for time served in a timely Rule 1925(b) statement, his failure to do so does not result in waiver, since "[a]n attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived." *Commonwealth v. Davis*, 852 A.2d 392, 399–400 (Pa.Super.2004). *See also Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa.Super.2001) (In which a panel of this Court concluded that the Commonwealth's challenge to the legality of Edrington's sentence was cognizable, despite the Commonwealth's failure to file a Rule 1925(b) statement).[2]

¶ 8 We thus turn to the merits of Pettus' claim. He asserts that he is entitled to credit for time served from June 14, 2002 until February 6, 2003, under house arrest/home confinement and electronic monitoring in Philadelphia County as a condition of bail.[3] Appellant's brief at 18–19 (*citing Commonwealth v. Chiappini*, 566 Pa. 507, 782 A.2d 490, 501 (2001) (plurality)).

¶ 9 In *Chiappini*, the Pennsylvania Supreme Court addressed for the first time whether a defendant is entitled to credit for time served in a home confinement/electronic monitoring program against his sentence for purposes of Section 9760 of the Sentencing Code, 42 Pa.

---

**2.** Neither is the claim waived for Pettus' failure to actually request time served from the trial court. *Commonwealth v. Tout–Puissant*, 823 A.2d 186, 188 (Pa.Super.2003).

**3.** On June 14, 2002, Pettus' bail was reduced on the condition of acceptance into a house arrest program with an ankle bracelet. Order dated 6/14/02.

C.S. § 9760.[4] *Chiappini,* 566 Pa. at 520, 782 A.2d at 497.[5] The lead opinion concluded that the Lackawanna County home confinement/electronic monitoring program "provided sufficient restraints on [the appellant's] liberty to constitute time spent in custody for purposes of Section 9760 of the Sentencing Code." *Id.* 566 Pa. at 526, 782 A.2d at 501.[6] Justice Zappala expressly noted that the discussion was "limited to the specific program employed in this case. Whether other programs fall within the meaning of the term custody is a question that will need to be examined in each individual case." *Id.,* 566 Pa. at 525 n. 12, 782 A.2d at 501 n. 12.

¶ 10 Such an examination of the Philadelphia County home monitoring program

**4.** Credit for time served is governed by Section 9760, which states in relevant part:
   After reviewing the information submitted under § 9737 (relating to report of outstanding charges in sentences) the Court shall give credit as follows:
   (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending resolution of an appeal.
   42 Pa.C.S. § 9760.

**5.** The lead opinion in *Chiappini* was authored by Justice Zappala Justice Nigro authored a concurring opinion, and Justices Cappy, Castille and Saylor joined in a dissenting opinion authored by Justice Cappy.

**6.** The program was described as follows:
   The specific program that the Appellant was subject to was run by the Lackawanna County Prison authorities. Generally, the rules and regulations of the program specified that a participant in the program was considered an inmate of the Lackawanna County Prison and that his/her residence would be considered a jail without bars. Participation in the program was monitored by a non-removable ankle or wrist

was conducted in *Commonwealth v. Vanskiver,* 819 A.2d 69 (Pa.Super.2003) (*en banc* ), in which a panel of this Court was asked to determine whether the appellant was entitled to credit for time served in Philadelphia County's Electronic Home Monitoring Program against a sentence imposed in Delaware County. *Id.,* 819 A.2d at 74.[7]

¶ 11 In rendering its decision, the majority in *Vanskiver* referenced *Chiappini* as follows:

   Our Supreme Court addressed this issue, as a matter of first impression, in the plurality opinion of *Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490 (Pa.2001). A plurality of the Supreme

   bracelet which the participant was required to wear at all times. A monitoring device was connected to a participant's telephone and corrections personnel was permitted to enter the participant's home in order to maintain this equipment. Additionally, the restrictions imposed by the program were monitored by telephone calls and visits by home detention staff members. A participant was required to cooperate with home detention staff and permit them to enter the residence upon request at any time of day or night.
   *Chiappini,* 566 Pa. at 519, 782 A.2d at 497.

**7.** Vanskiver was arrested and charged with an assault in Delaware County while on probation for unrelated charges in Philadelphia County. *Vanskiver,* 819 A.2d at 71. After he was released on bail by Delaware County authorities, Vanskiver was arrested and incarcerated by Philadelphia County authorities on the probation violation. *Id.* As a condition of bail in Philadelphia County, he was placed on electronic home monitoring. *Id.* Vanskiver was eventually convicted of the Delaware County assault, and in the course of sentencing, he argued that, pursuant to the Pennsylvania Supreme Court's decision in *Chiappini, supra,* he should receive credit against his Delaware County sentence of incarceration for the time he spent under the Philadelphia County electronic home monitoring program. *Id.* at 72.

Court concluded that the defendant in *Chiappini* was entitled to credit for time served under the Lackawanna County Home Confinement/Electronic Monitoring Program because the restrictions of the program, as employed in that particular case, constituted "custody" for purposes of section 9760(1). *See id.* 782 A.2d at 499 n. 10. Recognizing that the Sentencing Code does not provide a definition of "custody," the Court turned to the Statutory Construction Act, 1 Pa. C.S. § 1903(a), and relied on common and approved usage of the term "custody." *Id.* 782 A.2d at 498. The Court concluded that custody includes forms of restraint other than imprisonment. *Id.* 782 A.2d at 500–501. Although "imprisonment" is one form of "custody," custody is a much broader term. *Id.* 782 A.2d at 500. Since the legislature chose the term "custody," rather than the term "imprisonment," when drafting section 9760, the Court rejected the Commonwealth's argument that forms of restraint other than imprisonment cannot be counted for credit under section 9760. *Id.* The Court stated,

> in determining whether a person has spent time in custody it is necessary to examine the extent of control exercised by those in authority. The type of technology employed in this case has made it possible for prison authorities to restrain and severely limit a person's freedom by limiting his ability to move about freely to the confines of his home. The restrictions placed upon Appellant here went well beyond the restrictions typically employed by a court in releasing a defendant on his own recognizance or upon a condition that a defendant not leave the jurisdiction of the court.

*Id.*, 782 A.2d at 501. The Court limited its discussion to the Lackawanna County Electronic Monitoring Program. The Court indicated, "whether other programs fall within the meaning of the term custody is a question that will need to be examined in each individual case." *Id.* 782 A.2d at 501 n. 12.

In finding that the Lackawanna County electronic home monitoring program constituted custody, the plurality noted the following factors: (1) the program is administered by Lackawanna County prison authorities; (2) a participant in the program is considered an "inmate" of the Lackawanna County prison and his residence is considered to be a jail without bars; (3) a participant must at all times wear a non-removable ankle or wrist bracelet; (4) a monitoring device is connected to the participant's telephone and corrections personnel are permitted to enter the participant's home to maintain this equipment; (5) the program restrictions are monitored by telephone calls and visits by home detention staff members; and (6) a participant must cooperate with home detention staff and permit them to enter his or her residence upon request at any time, day or night. *Id.* 782 A.2d at 497. *Vanskiver*, 819 A.2d at 74–75. The majority applied these factors to the Philadelphia County home monitoring program, and determined that the program did not impose "significant restraints to constitute custody for purposes of credit for time served under section 9760." *Id.* at 76.

¶ 12 Thus, *Chiappini* holds that a defendant may be entitled to credit for time served in a home confinement/electronic monitoring program for purposes of Section 9760, and each program must be evaluated on a case by case basis. *Chiappini*, 566 Pa. at 525 n. 12, 526, 782 A.2d at 501, 501 n. 12. An evaluation of the Philadelphia County home monitoring program was conducted in *Vanskiver*, which determined that time spent in the program does

not constitute custody for the purposes of credit for time served under Section 9760. We therefore find that while Pettus was subject to the Philadelphia County home monitoring program, he was not in "custody" which would entitle him to credit for time served under Section 9760, and as such, the trial court committed no error of law or abuse of discretion in failing to award credit for time served. *Vanskiver, supra.*

¶ 13 For the foregoing reasons, we affirm the May 30, 2003 judgment of sentence.

¶ 14 Affirmed.