## Ethan-Michael Inc. v. Board of Supervisors of Union Township, Berks County

80

*Daniel P. Becker* and *Joan E. London,* for appellant
*Josele Cleary,* for appellee

LIEBERMAN, *J.,* July 2, 2006—This matter came before the court on Ethan-Michael Inc.'s (EMI) appeal of the January 23, 2006 decision issued by the Honorable Edward N. Cahn (hearing officer), former Chief Judge of the United States District Court for the Eastern District of Pennsylvania. Judge Cahn was appointed hearing officer to render a decision in place of the Union Township Zoning Hearing Board pursuant to the Municipalities Planning Code, 53 P.S. §10908(2). Hearing Officer Cahn's decision granted in part and denied in part the appellant's substantive validity challenge and curative amendment. On May 4, 2006, after briefs were submitted and argument held, this court found that the findings of fact, conclusions of law, and decision of the hearing officer were supported by the record and issued an order denying the appeal. The appellant has now appealed this court's order upholding Hearing Officer Cahn's decision.

After receiving a notice of appeal, this court directed appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. In response, the appellant filed a document raising three issues complained of on appeal, which runs six pages in length. The appellant's statement of matters complained of on appeal rehashes the issues originally presented to this court, and

for the most part, does not frame the issues complained of in a way for this court to meaningfully address them.

Of the three issues the appellant presents, two are vague and overbroad, and the argument the appellant included does little to focus the issues to a point where this court can meaningfully address them. The Pennsylvania Superior Court has held that "a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." *Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa. Super. 2002). Furthermore, a trial court may not frame issues for an appellant by guessing or anticipating what issues should be raised on appeal. *Commonwealth v. Pettus,* 860 A.2d 162, 164 (Pa. Super. 2004). The appellant has failed to frame the first and third allegations of error in a way that would enable this court to meaningfully address the claims, and it is this court's opinion that these claims should be denied.

## STANDARD OF REVIEW

Counsel for the appellant never stated what this court's standard of review is in this matter. When a trial court does not conduct a hearing or receive additional evidence, the standard of review of an initial decision by a zoning hearing board[1] is limited to whether the board abused its discretion or committed an error of law and whether its necessary findings are supported by substantial evidence. *Citizens for Responsible Development v. Windsor Township Zoning Hearing Board,* 70 D.&C.4th 427, 429 (York

---

1. In this matter, Hearing Officer Cahn's decision replaces the decision of the zoning hearing board.

Cty. 2004) citing *Rushford v. Zoning Board of Adjustment of Pittsburgh,* 81 Pa. Commw. 274, 278, 473 A.2d 719, 722 (1984). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983).

Further, a zoning hearing board's interpretation of an ordinance is entitled to great weight and deference from a reviewing court. *Smith v. Zoning Hearing Board of Huntingdon Borough,* 734 A.2d 55, 57 (Pa. Commw. 1999). Upon reviewing a decision of a zoning hearing board, a court may not substitute its judgment for that of the board; and, assuming the record demonstrates substantial evidence, the court is bound by the board's findings which result from resolutions of credibility and the weighing of evidence rather than a capricious disregard for the evidence. *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township,* 804 A.2d 1274, 1278 (Pa. Commw. 2002).

## ISSUES COMPLAINED OF ON APPEAL

*The AP Zoning District Regulations Are Invalid Because They Are Unduly Burdensome and Fail To Support the Stated Purpose of the Zoning District*

This statement is broad, does not indicate where the appellant alleges an error occurred, and suggests only that the appellant is not happy with the decision. In the argument provided for this matter, the appellant appears to raise three separate issues, but these issues do little to clarify the appellant's position. As stated above, this court is not required to guess or anticipate the appellant's

meaning concerning an issue raised. *Commonwealth v. Pettus* at 164. This court has to guess what the appellant's intent is concerning this matter complained of on appeal due to the fact that the issue is broad, and the argument provided raises separate issues which are inconsistent with each other. This court is thus prevented from meaningfully addressing the issue, and respectfully requests that this claim should be denied.

Should it be determined that the issue presented is sufficient to provide this court with an opportunity to meaningfully address this issue, this court believes the error appellant is alleging was in ruling that the zoning ordinance regulations support the purpose of the ordinance. This court found that the hearing officer made no error of law concerning this issue.

The purpose of the Agricultural Preservation District is stated in section 401.1 of the zoning ordinance. This section states that:

"The presence of active and productive agricultural land is a major land resource for any municipality. Union Township has a significant supply of this valuable resource. The purpose of the AP district is to preserve the active and productive agricultural lands that are present within the township. Residential land development should be limited within the AP district in order to preserve large contiguous tracts of agricultural land area within the township. The goals, objectives and planning policies of agricultural preservation are further outlined within the Union Township Comprehensive Plan Update (1994)."

The preservation of agricultural land is a valid purpose for a zoning ordinance, and has been recognized as such by the Pennsylvania courts. See *Hopewell Township*

*Board of Supervisors v. Golla,* 499 Pa. 246, 452 A.2d 1337 (1982). (The preservation of agricultural land is a legitimate government goal, which can be implemented by zoning regulation.)

Under Pennsylvania law, a zoning ordinance is a valid exercise of state police power when it promotes public health, safety or welfare and its regulations are substantially related to the purpose the ordinance purports to serve. *Miller & Son Paving Inc. v. Wrightstown Township,* 499 Pa. 80, 88, 451 A.2d 1002, 1006 (1982). This ordinance furthers a legitimate government goal in the preservation of agricultural land, and is thus a valid ordinance as long as its regulations are substantially related to this goal. In order to determine substantial relation, a substantive due process analysis is used requiring a reviewing court to balance the public interest served by the zoning ordinance against the confiscatory or exclusionary impact of the regulation on individual rights. *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970). Hearing Officer Cahn performed the required balancing test, and determined that the zoning ordinance was valid. In his opinion he stated, "Balancing the rights of EMI to be free of undue restrictions against the public policy of this Commonwealth, the County of Berks and the township to encourage active farming on large contiguous tracts, I hold that the zoning ordinance passes muster." (Hearing officer decision, p. 25.) Accordingly, there was no legal error as the hearing officer applied the required substantive due process balancing test.

The question now turns on whether or not there was substantial evidence to support Hearing Officer Cahn's determination that the regulations in the zoning ordinance

support its purpose. The appellant argues that the regulations do not support the ordinance's purpose because there are uses allowed by special exception and conditional use, some of which may not support the preservation of productive agricultural land.

The Union Township Zoning Ordinance permits the land in the AP to be used for general agricultural uses, intensive agricultural uses, nurseries and greenhouses. (Union Twp. Zoning Ordinance, §§401.2.A, 401.2.B, 401.3.B.) Intensive agricultural purposes include mushroom, egg and poultry production, and dry livestock production. (Union Twp. Zoning Ordinance, §202.) The uses that are allowed by conditional use and special exception that are not agricultural are uses such as cemeteries, driving ranges, campgrounds, and wildlife preserves, and require approval by the zoning hearing board or board of supervisors. (Union Twp. Zoning Ordinance, §§401.3, 401.4.) However, Hearing Officer Cahn found that there is no evidence that any of these uses have ever been approved, and that their presence is not fatal to the ordinance.

This court agrees with the hearing officer's determination, and believes there is substantial evidence that the overall effect of the ordinance is substantially related to the preservation of large, contiguous tracts of productive agricultural land. The ordinance's primary effect has been consistent with its purpose of preserving agricultural land, while the uses the appellant complains of have never occurred. Further, the uses by special exception and conditional use would not destroy the land for future agricultural use in the manner of the proposed development by the appellant, and other uses such as wildlife preserves, would have no negative effect on the land

whatsoever. These uses would also not substantially interfere with agricultural activities on neighboring lands the way residential development would. As this court feels there is substantial evidence to support the hearing officer's opinion, it is bound by his decision. *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township,* 804 A.2d at 1278.

At best, the validity of the special exception and conditional use regulations is debatable. However, debatable regulations do not render an ordinance invalid. Where the validity of zoning regulations is debatable, the legislature's judgment must control. *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975). Accordingly, the ordinance and regulations must stand as drafted.

EMI raises two other issues in the argument under this section. The first is that the zoning regulations are unduly restrictive. The appellant states that "A zoning ordinance may be challenged on the basis of unconstitutionality due to undue restriction. *Hock v. Board of Supervisors of Mount Pleasant Township,* 154 Pa. Commw. 101, 622 A.2d 431 (1993). A significant factor in determining a restriction's reasonableness is whether it is consistent with the stated purpose of the zoning district. *Id.*" The hearing officer determined, and this court agrees, that the zoning restrictions in the Union Township ordinance are consistent with the stated purpose of the ordinance. Accordingly, under the test the appellant cites, the restrictions must be considered reasonable and not unduly burdensome. Further, EMI's expert planner Charles Guttenplan agreed that EMI may make reasonable use of its land in the AP district, just not the use it prefers. (N.T. 985-86.)

The next issue is that the zoning regulations do not support the stated purpose of protecting active and productive agricultural land because land along the Schuylkill River is not zoned AP. This argument is listed under the first matter complained of on appeal, stating that the regulations are invalid because they fail to support the ordinance's stated purpose. This issue relates to the ordinance's application, not the construction of the ordinance which is what this court believes this matter complained of on appeal concerns. This inconsistency illustrates the need for a concise statement of matters complained of on appeal, and the potential for error that exists when a court is required to guess what issue an appellant is raising. As stated above, a trial court may not frame issues for an appellant by guessing or anticipating what the appellant intends. *Commonwealth v. Pettus,* 860 A.2d 162, 164 (Pa. Super. 2004). However, considering this issue on its own, without regard to the relationship of the zoning regulations to the purpose of the ordinance, there was no error. Pennsylvania case law states:

"The courts cannot become involved in a general review of the wisdom of zoning boundaries without assuming almost the entire legislative function. . . . While the supervisors might have made a better choice in location, the choice was theirs to make and the remedy for any such error is not in with the courts, but rather the ballot box. . . . Thus, even where there is room for difference of opinion as to the designation of the agricultural zoning district, the courts cannot substitute their judgment for that of the authorities who enacted the legislation." *Kirk v. Zoning Hearing Board of Honey*

*Brook Township,* 713 A.2d 1226, 1230-31 (Pa. Commw. 1998).

*The Provisions of Section 905.3 of the Zoning Ordinance Are Unreasonably Restrictive of EMI's Property Rights, Are Properly Read Together, and Are Not Severable*

The appellant's second matter complained of on appeal is the only matter properly presented in the appellant's Pa.R.A.P. 1925(b) statement. This issue concerns Hearing Officer Cahn's severing of three subsections under section 905.3 of the zoning ordinance.

Section 905.3 of the zoning ordinance concerns development within the AP zoning district, and before Hearing Officer Cahn severed subsections E, F, and I, this section provided:

"(A) Single-family detached residential development shall be permitted in the agricultural preservation, subject to development limitations and controls specified within this section of the ordinance.

"(B) Contiguous tracts of land owned under single or separate deeds at the adoption of the Union Township Zoning Ordinance of 1994 shall be limited to the maximum additional single family detached dwellings:

| Size of original tract of land | Maximum number of dwelling units |
|---|---|
| 5 to 19 acres | 2 |
| 20 to 49 acres | 3 |
| 50 to 99 acres | 4 |
| 100 to 149 acres | 5 |
| 150 to 199 acres | 6 |
| 200 to 299 acres | 7 |

| | |
|---|---|
| 300 to 399 acres | 8 |
| 400 to 499 acres | 9 |
| 500 or more acres | 10 |

"(C) All single-family residential dwellings and/or lots approved prior to the adoption of the Union Township Zoning Ordinance of 1994 shall be permitted in addition to the maximum number of dwellings specified under this section.

"(D) General agricultural and intensive agricultural land development activity shall be permitted within the AP district, subject to the limitations and controls specified under this section of the ordinance. Unless otherwise specified within this ordinance, no other land use or activity shall be permitted within the AP district.

"(E) A minimum of 75 percent of the total land area for all new single-family residential lots shall not be consumed by soils with capability units of Class I and II, as defined by the Soils Survey of Berks County, prepared by the United States Department of Agriculture in cooperation with the Pennsylvania State University and the Pennsylvania Department of Agriculture.

"(F) All new single-family residential lots and dwellings shall be located along an existing public street.

"(G) If permitted by the township board of supervisors and planning commission, a single-family residential lot and dwelling may be located along a private road. In such cases the applicant shall provide evidence that the proposed residential lot and dwelling will be located in an area which will conserve prime agricultural lands and will provide safe and convenient access for emergency vehicles.

"(H) The individual lot size for all new single-family dwellings shall be a minimum of one acre and a maximum of two acres. The township may permit larger lots if the applicant can demonstrate that the lot will not encroach upon any prime agricultural lands and/or additional area is needed to locate an on-lot sewage disposal system. In addition, the residential lot and dwelling shall conform with the minimum and maximum requirements specified below:

| Min. regulations | | Max. regulations | |
|---|---|---|---|
| Lot area | 1 acre | Lot area | 2 acres |
| Lot width | 100 feet | Bldg. height | |
| Bldg. setback | 50 feet | Farm bldgs. | None |
| Rear yard | 30 feet | Silos | None |
| Side yard | | Dwelling | 35 feet |
| Total | 40 feet | Lot coverage | 20% |
| One side | 20 feet | Woodland extr. | 30% |

"(I) The Union Township Board of Supervisors may permit the additional single-family residential lots, if the land owner can demonstrate that two of the following conditions exist:

"(1) A minimum of 50 percent of the total land area proposed for development is consumed by soils with capability units of Class IV through VIII, as defined by the Soils Survey of Berks County.

"(2) The tract of land is unsuitable for agricultural land uses based on the geological, topographical and/or hydrological conditions on the site.

"(3) The site is unsuitable for agricultural land uses based on the configuration and/or size of the tract of land.

"(4) The proposed development will not create a conflict with the goals, objectives and policies identified within the Union Township Comprehensive Plan Update.

"(J) All plans submitted for subdivisions or land development shall be prepared, reviewed and approved in accordance with the Township Subdivision and Land Development Ordinance."

Hearing Officer Cahn correctly determined that subsections E, F, and I of section 905.3 are too restrictive, and severed these subsections of the statute. The appellant claims that these sections are not severable due to the fact that the subsections are dependent upon each other, and that the whole section is invalid. This court disagrees with the appellant, and agrees with Hearing Officer Cahn's determination that the subsections are severable. Accordingly, this court found no error.

Severability is favored by Pennsylvania law, and is codified under the Statutory Construction Act at 1 Pa.C.S. §1925, which states that:

"The provisions of every statute shall be severable. If any provisions of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon the void provision or application that it cannot be presumed that the general assembly would have enacted the remaining valid provisions without the void one; or the court finds the remaining valid provisions, standing alone, are incomplete and are inca-

pable of being executed in accordance with legislative intent."

The Statutory Construction Act is applicable to zoning ordinances. *Council of Middletown Township, Delaware County v. Benham,* 91 Pa. Commw. 186, 496 A.2d 1293 (1985).

The application of the rule favoring severability to ordinances is also supported by case law. "In determining the severability of a statute or ordinance, the legislative intent is of primary significance. . . . The legislating body must have intended that the act or ordinance be separable, and the . . . ordinance must be capable of separation in fact." *Pennsylvania Independent Waste Haulers Association v. Township of Lower Merion,* 872 A.2d 224, 228 n.16 (Pa. Commw. 2005), citing to *Saulsbury v. Bethlehem Steel Company,* 413 Pa. 316, 321, 196 A.2d 664, 667 (1964). The valid portion of the statute left after separation must be "independent and complete within itself." *Id.*

The Union Township ordinance meets the test provided in *Saulsbury,* and cited by *Independent Waste Haulers.* First, the ordinance states that it was intended to be severable. Section 108 of the ordinance states: "should any article, section, subsection, paragraph, clause, phrase or provision of this ordinance be declared by a court to be invalid, such judgment shall not affect the validity of the ordinance as a whole or any part or provision thereof other than the part decided to be invalid or unconstitutional."

Next, a reading of the plain meaning of section 905.3 shows that the subsections are not interdependent, and are capable of separation in fact, fulfilling the requirements of the test. For example, subsection F, which was

severed, states that all new lots and dwellings shall be located along a public street. Subsection H concerns lot sizes within the AP district, and this subsection clearly can exist on its own without subsection F. This court conceives of no interpretation of the subsections of 905.3 that requires that the subsections be read together. Accordingly, this court found no error as the subsections remaining after the severing of subsections E, F, and I are valid and stand own their own.

*The Exclusionary Intent of the Board of Supervisors Is Relevant in the Determination of Exclusionary Zoning*

Here, the appellant presents another overly broad and vague matter for appeal, causing this court to guess the appellant's meaning concerning this issue. The appellant has argued previously that the zoning board enacted the zoning ordinance with the specific intent of preventing EMI from developing residential homes on its land. Hearing Officer Cahn found that at the time of the enactment of the ordinance, EMI owned approximately 132 acres of the land involved in this matter. This means that of the approximately 518 acres of land now involved in this dispute, EMI bought approximately 386 acres with the knowledge that it was zoned Agricultural Preserve, and that the ordinance could not be special legislation directed at EMI. (Hearing officer decision, p. 26.) As the appellant obtained the majority of the land involved in this matter after the zoning ordinance was enacted, there is relevant, substantial evidence to support Hearing Officer Cahn's decision. This court agrees that there was no intent to specifically exclude EMI from developing its land.

Further, as Hearing Officer Cahn noted, the intent of the board of supervisors, even if it was aimed at preventing EMI from developing the AP land, is irrelevant. The Commonwealth Court has held that "the state of mind of the legislative body in enacting a zoning ordinance is irrelevant to a determination of its validity. . . . Rather, the legislation must stand or fall on its own terms; even the strenuous lobbying by supporters of the zoning amendment for its passage itself does not render the amendment special legislation." *Appeal of Apgar from Board of Manheim Township,* 661 A.2d 445, 448 (Pa. Commw. 1995); citing to *Nichols v. City of Corry,* 53 Pa. Commw. 248, 417 A.2d 836 (1980). (citation omitted)

As there was no persuasive evidence presented concerning exclusionary intent, and even if there had been, such evidence would have had no legal bearing on Hearing Officer Cahn's decision, the appellant's third claim of error is groundless.

## CONCLUSION

The appellant in this matter has filed a Pa.R.A.P 1925(b) statement of matters complained of on appeal that is not concise, as required. In addition to matters listed for appeal, there is argument provided that is not appropriate in a 1925(b) concise statement. The argument provided does little to frame or clarify the three issues presented for appeal, and portions of the argument are inconsistent with the matters raised for appeal. It is this court's opinion that the first and third matters complained of on appeal are not presented in a manner framed for this court to meaningfully address, and that these matters should not be considered on appeal.

Should the Commonwealth Court decide to consider the first and third issues, this court believes that there was no error made concerning these issues. As to the issue concerning severability, which was properly raised, this court believes that the zoning ordinance in question was intended to be severable, and the subsections in question were capable of separation in fact, and that there was no error. For the foregoing reasons, this court respectfully requests that the appeal in this matter be dismissed.