J-A10004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MILLARD SHUBERT BEATTY, III | |
| Appellant | No. 1186 MDA 2014 |

Appeal from the Order Entered July 1, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000284-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MILLARD SHUBERT BEATTY, III | |
| Appellant | No. 1187 MDA 2014 |

Appeal from the Order July 1, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000270-2006

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                     **FILED APRIL 08, 2015**

Appellant, Millard Shubert Beatty, III, appeals from the orders entered in the Lycoming County Court of Common Pleas, denying his *pro se* motion to modify sentence *nunc pro tunc*.  We vacate and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows.

In case [No. 270 of 2006], [Appellant] was charged with burglary, a felony of the first degree; conspiracy to commit burglary, a felony of the first degree; two counts of forgery, both graded as felonies of the second degree; criminal trespass, a felony of the third degree; access device fraud, a misdemeanor of the first degree; possessing an instrument of crime, a misdemeanor of the first degree; theft by unlawful taking, a misdemeanor of the first degree; and receiving stolen property, a misdemeanor of the first degree. These charges arose out of an incident on January 17, 2006 where [Appellant] entered an individual's residence, stole checks and a debit card and then used the debit card to make purchases and cashed the checks.

In case [No. 284 of 2006], [Appellant] was charged with receiving stolen property, a felony of the third degree; recklessly endangering another person [("REAP")], a misdemeanor of the second degree; resisting arrest, a misdemeanor of the second degree; possession of drug paraphernalia, an ungraded misdemeanor; fleeing or attempting to elude a police officer, a misdemeanor of the second degree; driving under the influence ("DUI"), an ungraded misdemeanor, and numerous summary offenses. These offenses arose out of an incident on January 22, 2006, where police discovered [Appellant] in possession of a stolen vehicle and he led them on a high-speed chase before crashing the vehicle and being taken into custody. The police discovered a crack pipe on [Appellant's] person during a search incident to his arrest.

On June 7, 2006, [Appellant] pled guilty to burglary, conspiracy and forgery in case [No. 270 of 2006] and receiving stolen property, [REAP], possession of drug paraphernalia, fleeing and eluding, DUI and several summary offenses in case [No. 284 of 2006]. The court sentenced [Appellant] to twelve months of supervision under the Intermediate Punishment Program for each conviction in case [No. 270 of 2006], for an aggregate period of 36 months of Intermediate Punishment supervision.

In case [No. 284 of 2006], the court sentenced [Appellant] to 6 months on the Intermediate Punishment Program with the first 72 hours at the Lycoming County Pre-Release Center for DUI and 12 months of supervision on the Intermediate Punishment Program on each conviction for receiving stolen property, [REAP], and fleeing or attempting to elude the police. Shortly thereafter, [Appellant] violated his Intermediate Punishment supervision. On July 19, 2006, those sentences were revoked and [Appellant] was resentenced. Under case [No. 270 of 2006], the court imposed two years of probation under the supervision of the Pennsylvania Board of Probation and Parole on each count. These sentences were to be served consecutive to the sentence imposed in case [No. 581 of 2005].[1] The sentence[s] imposed for Count 2, conspiracy, and Count 3, forgery, were concurrent to each other but consecutive to the sentence imposed for Count 1, burglary.

[1] In case [No. 581 of 2005], [Appellant] was resentenced to 13 months to 5 years of incarceration in a state correctional institution.

In case [No. 284 of 2006], [Appellant] was resentenced to one year of probation on Count 1, receiving stolen property; two years of probation on Count 2, [REAP]; and 1 year of probation on Count 4, possession of drug paraphernalia. These sentences were to be served concurrently to each other and concurrently to the sentences imposed under Count 1 of case [No. 270 of 2006], but consecutively to the period of state incarceration imposed in case [No. 581 of 2005].

On June 5, 2013, [Appellant] was arrested and charged with multiple crimes including aggravated assault, fleeing or attempting to elude a police officer, [REAP], and false identification to law enforcement. [Appellant] was incarcerated from the time of his arrest to the time of his final special probation violation hearing on January 13, 2014. After the hearing, the [trial court] determined that [Appellant] had violated the conditions of his probation. The [c]ourt revoked [Appellant's] special probation sentences in cases [Nos. 270 and 284 of 2006]. On Count 1 of case [No. 270 of 2006], the [c]ourt resentenced

- 3 -

[Appellant] to one to two years of incarceration to run concurrently with a sentence imposed in case [No. 253 of 2013] of Columbia County. On Count 2 of case [No. 270 of 2006], the [c]ourt resentenced [Appellant] to one to two years of incarceration to run concurrently with the Count 1 sentence and the sentence imposed in case [No. 253 of 2013] of Columbia County. On Count 3 of case [No. 270 of 2006], the [c]ourt resentenced [Appellant] to three to nine months of incarceration to run concurrently to the sentence imposed in case [No. 253 of 2013] of Columbia County and the sentences imposed in Count 1 and Count 2. On Count 2 of [No. 284 of 2006], the [c]ourt sentenced [Appellant] to three to nine months of incarceration to run concurrently with the sentences imposed in case [No. 270 of 2006.[1]] [Appellant] received credit for time served from January 9, 2013 to February 21, 2013. He also received credit for time served on March 5, 2013. He also received credit for time served from June 6, 2013 to January 12, 2014.

On March 25, 2014, [Appellant] pled guilty to the charges of attempting to elude a police officer and [REAP], which arose from his arrest on June 5, 2013. On March 25, 2014, the [trial court] imposed a sentence of 18 to 36 months of incarceration to run consecutively to the other sentences being served. [Appellant] did not file a post-sentence motion and did not appeal the sentence of March 25, 2014.

On June 25, 2014, [Appellant] *pro se* filed a "Motion to Modify Sentence *Nunc Pro Tunc*" [at Nos. 270 and 284 of 2006]. In the motion, [Appellant] asked the [c]ourt "to sever part of the credit for time served." Specifically, [Appellant] wanted the time from June 6, 2013 to January 12, 2014 "severed." The [c]ourt determined that [Appellant] wanted the time served from June 6, 2013 to January 12, 2014 applied to his sentence imposed on March 25, 2014. On July 1, 2014, the [c]ourt denied [Appellant's] motion.

---

[1] The court determined Appellant had completed serving his sentences for the remaining convictions. (Order, dated 1/13/14, at 2).

- 4 -

(Trial Court Opinion, filed September 11, 2014, at 1-3) (internal citations to the record omitted).

Appellant timely filed a *pro se* notice of appeal on July 16, 2014. On July 21, 2014, this Court ordered the trial court to conduct an on-the-record inquiry to determine whether Appellant desired counsel on appeal, pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).[2] The trial court conducted the **Grazier** hearing on August 19, 2014, and it determined Appellant's waiver of appellate counsel was knowing, voluntary, and intelligent.

Appellant raises five issues for our review:

> WHETHER [THE COURT] HAD THE JURISDICTION TO HEAR AND ANSWER THE MOTION (MOTION TO MODIFY *NUNC PRO TUNC*)…?
>
> WHETHER [THE COURT] ERRED IN DENYING THE MOTION?
>
> WHETHER THE TIME THAT WAS CREDITED TO [APPELLANT'S] SENTENCE WAS PROPERLY APPLIED IN APPLICATION OF CURRENT LAW AND PRACTICE?
>
> WHETHER THE TIME SHOULD HAVE BEEN SEVERED FROM THE SENTENCE AND ALLOWED TO ACCUMULATE TOWARD [APPELLANT'S] NEW CRIMINAL CHARGES?
>
> WHETHER THE TIME CREDITED WAS ERRONEOUSLY APPLIED TO [APPELLANT'S] SENTENCE?

_____

[2] Prior to the **Grazier** hearing, on July 23, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant subsequently complied with the court's order.

(Appellant's Brief at 3).

As a prefatory matter, "[T]he [Post Conviction Relief Act ("PCRA")[3]] provides the sole means for obtaining collateral review, and…any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa.Super. 2002)). **See also Commonwealth v. Weimer**, 756 A.2d 684, 685-86 (Pa.Super. 2000), *appeal denied*, 564 Pa. 695, 764 A.2d 50 (2000) (explaining *pro se* post-conviction petitions couched in terms of *habeas corpus* and legality of sentence actually seek relief available under PCRA). "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." **Fowler, supra** at 592 (quoting **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.Super. 2005 (*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007)). Challenges to a court's allocation of credit for time served implicate the legality of sentence. **Commonwealth v. Pettus**, 860 A.2d 162 (Pa.Super. 2004), *appeal denied*, 584 Pa. 706, 885 A.2d 41 (2005).

Further, an indigent petitioner is entitled to representation by counsel

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

for a first PCRA petition. ***Commonwealth v. White***, 871 A.2d 1291 (Pa.Super. 2005). This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the PCRA petition. ***Id.*** "This right to counsel, although not constitutionally mandated, derives from the Pennsylvania Rules of Criminal Procedure, ***see*** Pa.R.Crim.P. 904(B)...." ***Commonwealth v. Stout***, 978 A.2d 984, 988 (Pa.Super. 2009). The right is unaffected even if the petition is untimely on its face. ***Id. See also Commonwealth v. Evans***, 866 A.2d 442, 445 (Pa.Super. 2005) (stating, "The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition"). Where a petitioner's right to representation has been effectively denied by the action of court or counsel, the petitioner is entitled to have his case remanded to the PCRA court for appointment of counsel to assist with the PCRA petition. ***Commonwealth v. Perez***, 799 A.2d 848 (Pa.Super. 2002).

Instantly, Appellant claims his revocation sentences are illegal, because the sentencing court should not have applied certain credit for time served to the sentences imposed following the revocation of probation at Nos. 270 and 284 of 2006. Instead, Appellant insists the court should have waited and applied the credit for time served to the sentences subsequently imposed at an unrelated docket number on March 25, 2014. As expressed, Appellant challenges the legality of his sentences. ***See Pettus, supra***.

- 7 -

Such claims are generally cognizable under the PCRA. *See Fowler, supra*. The trial court, however, failed to apply the PCRA to Appellant's filing. Instead, the court evaluated the *pro se* motion to modify sentence *nunc pro tunc* independent of the PCRA and denied relief without appointing counsel to assist Appellant with the presentation of his claims.

Significantly, the current petition represents Appellant's first collateral attack upon the judgment of sentence. Because Appellant's *pro se* motion to modify sentence *nunc pro tunc* is the functional equivalent of a PCRA petition, the court should have confirmed Appellant's *in forma pauperis* status and determined whether Appellant was entitled to and desired appointed counsel to assist with the filing of Appellant's first PCRA petition.[4] *See White, supra*. Here, the court effectively denied Appellant the right to counsel on his first PCRA petition.[5] *See Perez, supra*.

Therefore, we conclude the best resolution of this case is to vacate the order denying Appellant's *pro se* motion and remand the case for further

---

[4] On October 8, 2013, the court appointed a member of the public defender's office to represent Appellant. Appellant appeared with appointed counsel at the January 13, 2014 violation hearing. Thereafter, Appellant acted *pro se*.

[5] We come to this conclusion, notwithstanding the **Grazier** proceeding previously conducted because that proceeding was linked solely to Appellant's waiver of counsel on appeal. Nevertheless, an indigent petitioner's right to counsel for a first PCRA petition is an altogether separate matter, and we are unwilling to construe Appellant's prior decision to proceed *pro se* on this appeal as a blanket rejection of counsel for PCRA purposes.

proceedings. Procedurally, Appellant will be placed in the same position he occupied when he initially filed his *pro se* motion to modify sentence *nunc pro tunc*. Upon remand, the court must determine whether Appellant wants counsel to assist with the filing of an amended PCRA petition and any other cognizable claim Appellant wishes to raise. Counsel must consult with Appellant and either file an amended first PCRA petition or a proper "no-merit" letter addressing Appellant's claims. If, after another **Grazier** hearing, Appellant still wants to proceed *pro se*, the court must issue proper notice and an order deciding the PCRA petition. Appellant can then file a *pro se* notice of appeal.[6]

Orders vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2015

---

[6] Appellant has also filed a separate *pro se* "petition for appeal of order," asking this Court to review issues that are identical to those set forth in his appellate brief. Due to our disposition, we deny Appellant's open motion as moot.