J-A04008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERENCE FOSTER, | |
| Appellant | No. 1651 EDA 2016 |

Appeal from the Judgment of Sentence May 6, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000764-2013,
CP-45-CR-0001181-2014

BEFORE:  SHOGAN, SOLANO, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 12, 2017**

Appellant, Terence Foster, appeals from the judgment of sentence entered on May 6, 2016, in the Monroe County Court of Common Pleas.  We affirm.

The trial court provided the relevant factual history of this case as follows:

> Within a thirteen month span, [Appellant] was twice arrested and twice pled guilty to Driving Under the Influence (DUI). First, in case No. 764 [Appellant] entered a counseled guilty plea to DUI, a misdemeanor of the first degree. This was [Appellant's] third DUI within the ten-year look-back period. Sentencing was scheduled and a presentence investigation report (PSI) was ordered. Thereafter, prior to the imposition of

_____

[*]  Retired Senior Judge assigned to the Superior Court.

sentence, [Appellant] was arrested in case No. 1181 and charged with his fourth DUI. He later pled guilty.

At the sentencing hearing initially scheduled in Case no. 764, [Appellant] expressed his desire to be evaluated for participation in the State Intermediate Punishment (SIP) Program. The Commonwealth concurred and we ordered the Department of Corrections (DOC) to conduct an evaluation to determine [Appellant's] eligibility for the program. [Appellant] was deemed eligible for SIP. Accordingly, on September 15, 2014, we sentenced [Appellant] to the program in both cases.

In a letter dated May 2, 2016, the DOC notified this Court that [Appellant] had been expelled from the SIP program. The letter requested that this Court conduct [a] SIP revocation hearing prior to [Appellant's] maximum release date, to be followed by a resentencing hearing. The main reason cited for [Appellant's] expulsion was his "Lack of Meaningful Participation in the program," after he was returned to SCI - Quehanna following his most recent relapse. The DOC's expulsion determination was based on [Appellant's] several relapses, numerous behavioral infractions, an overall negative attitude towards staff and the treatment program, and failure to comply with program guidelines. Despite numerous interventions and warnings from the treatment staff, [Appellant] refused to engage and participate in his treatment.

Following his expulsion from the SIP program, a revocation and resentencing hearing was held. At the conclusion of the hearing, we removed [Appellant] from the program and, in each case, resentenced him to 16 to 48 months in a state correctional institution (SCI), plus one year of probation. The sentences were run consecutively for an aggregate period of incarceration of 32 to 96 months, followed by two years of probation. We gave [Appellant] a time credit of 456 days which, essentially, consisted of the number of days [Appellant] spent in prison before being entered into the SIP program, plus the number of days he spent in a SCI for the SIP evaluation and the first phase of the program.

[Appellant] did not contest, or at least did not seriously contest, the reasons for his expulsion. He did ask for a time credit. However, he did not present evidence of the nature or types of the non-SCI facilities in which he was placed during the

SIP program, the length of time spent in each facility, the level of restriction at each facility, the number of days, if any, he spent in the community, his progress or lack of progress in the program, or other matters that would be relevant to a credit determination.[1]

> [1] As discussed later in this opinion, [Appellant] did not request a transcript of the revocation and resentencing hearing. Thus, neither this Court nor the Superior Court has the benefit of reviewing the specifics of the hearing. The descriptions contained in this opinion are to the best of our recollection.

[Appellant] did not ask us to reconsider our determination. Instead, on May 27, 2016, he filed this appeal seeking additional time credit.[2]

> [2] After resentencing and before this counseled appeal was filed, [Appellant] submitted a *pro se* Petition for Credit for Imprisonment while in Custody requesting an additional credit of three-hundred twenty-two (322) days which he claimed to have spent in a Gaudenzia Rehabilitation Facility and a Community Corrections Center. However, this filing is a nullity. *See Commonwealth v. Cooper*, 27 A.3d 994 (Pa. 2011); *Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011); *Commonwealth v. Ali*, 10 A.3d 282 (Pa. 2010); *Commonwealth v. Pursell*, 724 A.2d 293 (Pa. 1999); *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993); *Commonwealth v. Glacken*, 32 A.3d 750 (Pa. Super. 2011); *Commonwealth v. Nischan*, 928 A.2d 349 (Pa. Super. 2007). Under these cases, it is well-settled that a motion filed *pro se* by a defendant who is represented by an attorney of record is generally considered a nullity. This is especially true when, as here, the attorney files a separate submission (the instant appeal) that is designed to effectuate the defendant's interests and raise the issue the defendant wants raised, the defendant will not be prejudiced by dismissal of the improper *pro se* submission, issues have not been waived, and the *pro se* filing is defective. In any event, as noted, [Appellant] in this case did not present evidence that

> would support his motion and request for additional time credit.

Trial Court Opinion, 7/15/16, at 1-3.

On appeal, Appellant raises the following issues for this Court's consideration:

> Was [Appellant] in custody while serving time in a Community Corrections Center?

> Was the denial of time credit discretionary by the sentencing Judge?

Appellant's Brief at 4.

A challenge to a trial court's failure to award credit for time already served implicates the legality of the sentence imposed. **Commonwealth v. Pettus**, 860 A.2d 162, 164 (Pa. Super. 2004). "A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa. Super. 2013).

After review, we conclude that there was no error in the trial court's denial of credit for time spent in a Community Corrections Center while on State Intermediate Punishment ("SIP"). A "period of incarceration is mandatory pursuant to the SIP program; however, SIP is a voluntary program that a defendant may agree to in lieu of a straight sentence of incarceration." **Commonwealth v. Kuykendall**, 2 A.3d 559, 563 (Pa. Super. 2010) (citing 61 Pa.C.S. § 4104(a)(1)). "A plain reading of the statute reveals that [a]ppellant's SIP sentence could only include time spent

in the actual program plus the time spent during the evaluation process at an approved state correctional institution." *Id*. (citing 61 Pa.C.S. § 4105(b)(1)-(4)). "In exchange for admittance into SIP, the defendant **surrenders his statutory right to credit for time served** while housed in a county correctional institution or non-Pennsylvania state correctional facility." *Id*. at 565 (emphasis added).[1]

As noted, the time for which Appellant seeks credit was spent at a Community Corrections Center while on SIP; it was not spent in a state correctional institution. Accordingly, Appellant was not entitled to credit for time served. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

_____

[1] In light of this Court's holding in *Kuykendall*, we discern nothing discretionary in the trial court's ability to award credit for time served while on SIP. Accordingly, we do not address the discretionary aspects of Appellant's sentence. Assuming for the sake of argument that we were to address the discretionary aspects of Appellant's sentence, we would conclude that the challenge was waived due to Appellant's failure to obtain transcripts of the proceedings in the trial court. *See Commonwealth v. Preston*, 904 A.2d 1, 7-8 (Pa. Super. 2006) (stating that it is not the responsibility of this Court to obtain the necessary transcripts and that failure to provide an adequate record may result in waiver).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/12/2017</u>