J. S04042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                v.                :
                                            :
JERMAINE SANDERS,             :         No. 1258 MDA 2017
                                            :
                  Appellant      :

Appeal from the Judgment of Sentence, July 10, 2017,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0002003-2015

BEFORE: SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MARCH 27, 2018**

Jermaine Sanders appeals ***pro se*** from the July 10, 2017 judgment of sentence of 538 days' imprisonment imposed, with the possibility of re-parole after 180 days, following the revocation of his parole.[1] For the following reasons, we affirm the judgment of sentence.

The underlying facts and procedural history of this case are as follows. On November 17, 2015, appellant was found guilty of fleeing or attempting to elude a police officer[2] following a two-day jury trial. On December 29, 2015, the trial court sentenced appellant to 9 to 23 months' imprisonment. Appellant filed timely post-sentence motions on January 7, 2016, wherein he

---

[1] Appellant also received 112 days credit for time-served.

[2] 75 Pa.C.S.A. § 3733(a).

asked the trial court to reconsider his sentence and challenged the weight of the evidence. On April 21, 2016, the trial court granted appellant's motion in part, resentencing him to 6 to 23 months' imprisonment, but denied his request for a new trial. On May 18, 2016, appellant timely filed a notice of appeal. A panel of this court dismissed his appeal on December 7, 2016, for failure to file a brief.

On December 12, 2016, appellant filed a petition to reinstate his direct appeal rights *nunc pro tunc*, which was granted on December 13, 2016. Appellant timely filed a notice of appeal *nunc pro tunc* on December 30, 2016. On January 5, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On January 26, 2017, appellant's counsel filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and its progeny. On March 21, 2017, counsel filed an *Anders* brief and petition to withdraw representation. Appellant filed *pro se* responses to counsel's request to withdraw on April 24 and May 5, 2017. Thereafter, on July 6, 2017, a panel of this court affirmed appellant's judgment of sentence and granted counsel's petition to withdraw. *See Commonwealth v. Sanders*, 2017 WL 2875426 (Pa.Super. July 6, 2017) (unpublished memorandum).

On July 10, 2017, a parole violation hearing was held after appellant failed to report to the York County Adult Probation Office on three separate

occasions between December 2016 and January 2017. At this hearing, the Commonwealth recommended that appellant serve the unserved balance of his sentence, with the possibility of re-parole after 180 days. (Notes of testimony, 7/10/17 at 6.) Appellant acknowledged at the hearing that he did not personally appear at the Adult Probation Office, but argued that he was not in violation of his parole because he contacted his probation officer by email each month. (*Id.* at 6-7.) Appellant failed to present any evidence at the hearing that email was an acceptable alternative in this Commonwealth to reporting in-person at the Adult Probation Office.

As noted, on July 10, 2017, the trial court determined that appellant had violated the terms of his parole and sentenced him to serve 538 days' imprisonment, with the possibility of re-parole after 180 days. Appellant also received 112 days' credit for time-served. On August 7, 2017, appellant filed a timely *pro se* notice of appeal. On August 21, 2017, the trial court ordered appellant to file a Rule 1925(b) statement within 21 days. On September 1, 2017, this court filed a *per curiam* order directing the trial court to conduct a *Grazier*[3] hearing to determine if appellant's waiver of counsel was knowing, intelligent, and voluntary. A *Grazier* hearing was held on September 20, 2017. On October 3, 2017, the trial court filed an order and memorandum concluding that appellant's waiver of counsel satisfied *Grazier*. Thereafter, on October 11, 2017, the trial court filed a

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

Rule 1925(a) opinion, wherein it noted, ***inter alia***, that appellant failed to comply with its Rule 1925 order. (***See*** trial court's Rule 1925(a) opinion, 10/11/17 at 3.)[4]

Although appellant filed an appellate brief with this court, he has not presented a clear "Statement of the Questions Involved," as required by Pa.R.A.P. 2116(a). Rather, the crux of appellant's argument on appeal is that he complied with the reporting requirements of his parole by contacting his probation officer via email each month. ("Motion of Appeal," 8/7/17 at ¶ 2; notes of testimony, 7/10/17 at 6-7.) In support of this contention, appellant notes that jurisdictions like Florida permit parolees to report by email. (***Id.***) Appellant also takes issue with the fact that he was represented at the July 10, 2017 hearing by an "unlicensed" legal intern, who was acting in coordination with and under the supervision of an attorney from the York County Public Defender's Office. (***Id.***; ***see also*** appellant's brief at 2-3.)

Before we reach the merits of the instant appeal, we first must determine whether appellant has properly preserved any claims for our review. The record reflects that appellant attached an August 29, 2017 document to his ***pro se*** brief that appears to be a response to the trial court's Rule 1925 order. (***See*** "Brief Response," dated 8/29/17.) However,

---

[4] Our review of the ***Grazier*** hearing transcript reveals that appellant's waiver of counsel was knowing, intelligent, and voluntary. (***See*** notes of testimony, 9/20/17 at 2-9.)

this document is not part of the certified record, and we agree with the trial court that appellant never filed a concise statement. This court has long recognized that the failure to file a concise statement when ordered by the trial court results in a waiver of issues on appeal. ***Commonwealth v. Pettus***, 860 A.2d 162, 164 (Pa.Super. 2004) (citations omitted), ***appeal denied***, 885 A.2d 41 (Pa. 2005). "In order to preserve their claims for appellate review, [an] appellant[] must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (citation and some brackets omitted). Accordingly, we conclude that appellant has failed to preserve any issues for appellate review.

Alternatively, even if appellant had complied with Rule 1925(b), we would nonetheless dismiss this appeal because his brief fails to adhere to the Pennsylvania Rules of Appellate Procedure. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will permit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super.

2005) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Id.*

Instantly, appellant's four-page *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, appellant's entire brief is comprised of three paragraphs and contains no statement of jurisdiction, no specification of the order or determination sought to be reviewed, no statement of the scope or standard of review, no statement of the case, no summary of argument section, and does not set forth a specific statement of the questions involved. *See* Pa.R.A.P. 2111(a)(1)-(6). The omission of a statement of the questions involved "is particularly grievous since [it] defines the specific issues this Court is asked to review." *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993). Additionally, the "Argument" portion of appellant's brief does not contain separate sections of the issues he purportedly wishes to raise on appeal, in violation of Rule 2119(a). We further note that appellant's brief lacks the necessary citations to the record in violation of Rule 2119(b), and fails to provide this court with references to the record, in violation of Rule 2119(c).

Based on the foregoing, we find all of appellant's issues waived. Accordingly, we affirm the trial court's July 10, 2017 judgment of sentence.

Judgment of sentence affirmed.

J. S04042/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018